

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-10,625-17

### EX PARTE GARY REED WALP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W80-11573-L (J) IN CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated rape and sentenced to imprisonment for thirty-five years.

Applicant contends, among other things, that his mandatory supervision release date is not being calculated properly. On June 28, 2017, we remanded this application because it was forwarded before the trial court made findings of fact and conclusions of law. On remand, the trial court found that Applicant had not presented evidence that he exhausted his administrative remedies under Government Code § 501.0081. According to the record, Applicant received a response from the time

credit resolution system, dated October 3, 2016, stating that he would not be eligible for another review until July 23, 2014.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether Applicant was credited with jail time while being held on a pre-revocation warrant. The affidavit shall also state whether Applicant's mandatory supervision release date is being calculated properly. Finally, the affidavit shall state whether Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by Government Code § 501.0081. The trial court shall then make findings and conclusions as to whether Applicant's mandatory supervision release date has been properly calculated. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.

Filed: August 23, 2017
Do not publish